IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MEDEVAC MIDATLANTIC, LLC** : <br> Plaintiff, : <br> v. : **CIVIL NO. 10-1036** <br> : <br> **KEYSTONE MERCY HEALTH PLAN,** : <br> Defendant. : | |

## ORDER

**AND NOW**, this 31st day of August 2011, upon consideration of Defendant Keystone Mercy Health Plan's ("KMHP") Motion to Dismiss and to Strike Plaintiff's Amended Complaint in Part [doc. no. 25]; Plaintiff Medevac's Response in Opposition thereto [doc. no. 28]; KMHP's Reply in Support [doc. no. 32]; and Medevac's Sur-Reply [doc. no. 35]; and for the reasons set forth in the accompanying Memorandum Opinion, it is hereby **ORDERED** that Defendant's Motion is **GRANTED in part and DENIED in part**, as follows:

1. Count I of the Amended Complaint [doc. no. 22] is **DISMISSED with prejudice**;[1]

2. Count II of the Amended Complaint is **DISMISSED without prejudice**, with leave to amend **within 30 days** of the date of this Order;

3. Plaintiff's requests for relief in the form of attorneys' fees and costs are hereby **STRICKEN** from Counts III, IV, V and VI of the Amended Complaint; and KMHP's motion to strike references to "billed charges" is **DENIED**.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
**CYNTHIA M. RUFE, J.**

---

[1] A court may dismiss a claim with prejudice where amendment is futile or inequitable. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Here, the Court concludes that amendment of Count I would be futile because this Court has found, as a matter of law, that Plaintiff does not have an individual enforceable right to timely payment under the relevant provisions of the Medicaid Act. The Court finds that additional factual allegations would not cure this defect.